UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SEBASTIAN CORREA MORALES,

                *Petitioner,*

– against –

JULIANA ESCOBAR RESTREPO,

                *Respondent.*

**MEMORANDUM & AMENDED ORDER OF RETURN**
25-cv-06998 (NCM) (TAM)

---

**NATASHA C. MERLE**, United States District Judge:

Before the Court is respondent's emergency motion for reconsideration of the Court's April 23, 2026 Order of Return ("Motion"). ECF No. 82. The parties have also submitted separate responses to the Court's Order of Return. Resp't's Ltr., ECF No. 83; Pet's Ltr., ECF No. 84. In light of the parties' submissions, the Motion is **GRANTED in part** and **DENIED in part**, and the Order of Return is amended as follows.[1]

To begin, the Court addresses respondent's Motion. A motion for reconsideration "is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019).[2] The standard for reconsideration is "strict, and reconsideration will generally be denied" unless the moving party can (1) point to "factual matters or controlling decisions the court overlooked that might materially have influenced its earlier decision[,]" or (2) "demonstrate the need to correct a clear error or prevent manifest injustice." *Cuthbert v. Town of E. Hampton N.Y.*, No. 18-

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

cv-04796, 2021 WL 66289, at *3 (E.D.N.Y. Jan. 6, 2021). A motion for reconsideration can be granted in the event of "manifest error," but not in a case where a party "merely shows that [it] disagrees with th[e] Court's decision." *Garcia v. BAE Cleaners Inc.*, No. 10-cv-07804, 2012 WL 98511, at *1 (S.D.N.Y. Jan 11, 2012).

Ms. Escobar Restrepo seeks reconsideration of "(1) the provision directing the Clerk of Court to release L.C.'s passports to [p]etitioner or [p]etitioner's counsel; and (2) the absence of any provision addressing [r]espondent's right to accompany L.C. on the return flight or with a neutral third-party escort rather than being compelled to travel with [p]etitioner." Mot. 1. She requests that the Court modify its order to (1) release L.C.'s passports to either her or a neutral third party and, (2) allow L.C. to be accompanied by her and a third-party escort, rather than requiring travel with petitioner. Mot. 4. Even construing respondent's submission as arguing that the Court overlooked factual matters in issuing the Order of Return, those facts do not materially influence the Court's decision. Nor has respondent demonstrated a need to correct a clear error or prevent manifest injustice.

First, the Court's decision to release L.C.'s passports to petitioner or petitioner's counsel does not warrant reconsideration. Respondent has twice removed L.C. in violation of the Hague Convention. *See Correa Morales v. Escobar Restrepo*, No. 25-cv-06998, 2026 WL 962495, at *16 (E.D.N.Y. Apr. 9, 2026). Thus, respondent's concern with what actions petitioner may take if given L.C.'s passports does not outweigh the Court's finding that it is respondent who has again removed L.C. from his place of habitual

residence necessitating court intervention to return him to Colombia.[3] Accordingly, L.C.'s passports will be released to petitioner or petitioner's counsel on or before April 30, 2026.

Second, given that both parties appear to be amenable to accompanying L.C. on Avianca Flight 43 on May 1, 2026, Mot. 3, Pet's Ltr. 1–2, the Court will grant respondent's motion in part and amend the Order of Return accordingly.[4]

Therefore, it is hereby:

**ORDERED**, that L.C. shall be returned to Colombia, his habitual residence, on May 1, 2026; and it is further

**ORDERED,** that the Clerk of Court shall release L.C.'s two passports to petitioner or petitioner's counsel, for the purposes of L.C.'s return to Colombia, on or before April 30, 2026; and it is further

**ORDERED**, that petitioner, respondent, and L.C., along with petitioner's counsel, shall meet at Terminal 4 of the John F. Kennedy International Airport in New York at a mutually agreeable time. If the parties are unable to agree on a time to meet at Terminal

---

[3]    For avoidance of doubt, the Court denies respondent's request that L.C.'s passports be released neutral third party. Resp't's Ltr. 2.

[4]    Respondent also cites "serious concerns about her safety and violation of her active order of protection [against petitioner]" if ordered to travel with him back to Colombia. Mot. 1–2. The Court takes respondent's safety concerns seriously. The facts presented at the evidentiary hearing, however, do not support respondent's concerns. *See generally*, Hr'g Tr., ECF Nos. 71, 72. Further, the order of protection respondent attached to her motion was issued almost a year ago and on a temporary basis. Mot. 22–27. The provisional order "summoned [Mr. Correa Morales] . . . to present his defense in [an] administrative proceeding . . . . on May 26, 2025[.]" Mot. 25. Respondent has not included any information regarding the outcome of that proceeding. Because respondent provides no information suggesting the provisional order was renewed or otherwise remains in effect, the Court accords it little weight. Finally, even respondent's own proposed travel arrangement does not foreclose petitioner from travelling with her and L.C. to Colombia. Mot. 3 ("Respondent proposes to travel with L.C. and with or without [a] neutral third party . . . . Petitioner may travel on the same or a different flight."). Therefore, respondent's security concerns do not warrant reconsideration of the Court's Order of Return.

4, they shall meet at 4:00 a.m. Eastern Standard Time. Petitioner's counsel shall accompany the parties to the airport security checkpoint and confirm that petitioner, respondent, and L.C. go through security; and it is further

**ORDERED**, that petitioner, respondent, and L.C. shall travel to Colombia on Avianca flight number 43, departing John F. Kennedy Airport in New York at 6:55 a.m. and arriving at José María Córdova International Airport in Medellín, Colombia at 11:20 a.m.; and it is further

**ORDERED,** that upon L.C.'s return to Colombia, petitioner shall promptly file a notice in this Court that L.C. has been returned to Colombia.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:     April 27, 2026
           Brooklyn, New York